UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAURIE RUBIN, <br><br> Plaintiff, <br><br> -v- <br><br> TRENDLAND LLC, <br><br> Defendant. | 22 Civ. 9452 (PAE) (SDA) <br><br> OPINION & ORDER |

PAUL A. ENGELMAYER, District Judge:

This opinion concerns a damages inquest conducted after the Court entered a default judgment as to liability against defendant Trendland LLC ("Trendland"). *See* Dkt. 17.

On November 4, 2022, plaintiff Laurie Rubin ("Rubin") filed this Complaint against Trendland. Dkt. 1. Rubin brought claims under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, alleging that Trendland displayed one of Rubin's copyrighted photographs on its website without authorization. Before the Court is the July 6, 2023 Report and Recommendation of the Hon. Stewart D. Aaron, United States Magistrate Judge, recommending that the Court award Rubin $17,500 in statutory damages under the Copyright Act; $1,942.50 in attorneys' fees; and $858.58 in costs. Dkt. 21 ("Report"). The Court incorporates by reference the summary of the facts provided in the Report. For the following reasons, the Court adopts this recommendation.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the

record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Aaron's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. Because the Report explicitly states that "failure to object within fourteen (14) days will result in a waiver of objections and will preclude appellate review," Report at 10, the parties' failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the foregoing reasons, the Court awards Rubin $17,500 in statutory damages under the Copyright Act; $1,942.50 in attorneys' fees; and $858.58 in costs. The Court respectfully directs the Clerk of Court to enter judgment in Rubin's favor in the amount of $20,301.08 and to terminate this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: July 21, 2023
New York, New York

2